# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PEOPLE'S UNITED EQUIPMENT FINANCE CORP., **Plaintiff** | CIVIL ACTION |
| VERSUS | NO. 18-11767 |
| TAK, LLC, ET AL., **Defendants** | SECTION: "E"(1) |

## ORDER AND REASONS

Before the Court is a Motion for Issuance of a Writ of Seizure and Sale[1] and Motion for Alternate Keeper,[2] filed by Plaintiff People's United Equipment Finance Corp. ("People's United"). For the reasons that follow, the Motion for Issuance of a Writ of Seizure and Sale is **DENIED**, and the Motion for Alternate Keeper is **DENIED AS MOOT**.

## BACKGROUND

On November 29, 2018, People's United filed a Complaint and Request for Seizure and Sale and the instant motions.[3] In its Amended Complaint, Plaintiffs invoke the jurisdiction of this Court in diversity, pursuant to 28 U.S.C. § 1332, and establish that the parties are completely diverse and that the amount-in-controversy exceeds $75,000.[4] People's United alleges Defendants have failed to meet their obligations pursuant to loan documents they executed with People's United.[5] People's United requests that the Court issue a writ of seizure and sale pursuant to Article 2638 of the Louisiana Code of Civil

---

[1] R. Doc. 3.
[2] R. Doc. 4.
[3] R. Doc. 1.
[4] R. Doc. 6 at 2–4, ¶¶ 3–9.
[5] R. Doc. 6 at 3–10.

Procedure, which governs executory proceedings.[6] People's United argues that, pursuant to Rule 64 of the Federal Rules of Civil Procedure, any remedy available under Louisiana law is available in federal court.[7] Accordingly, it argues that this Court has jurisdiction to issue a writ of seizure and sale.[8]

The Court has issued summonses as to Defendants.[9] The summonses have not been returned executed, and Defendants have yet to appear.

People's United filed the instant motions *ex parte* in connection with its request for executory process.[10] In its Motion for Issuance of a Writ of Seizure and Sale, Plaintiff requests that the Court issue a writ of seizure and sale on the collateral to which People's United alleges it is entitled, pursuant to the provisions in the Louisiana Code of Civil Procedure governing executory proceedings.[11] In its Motion for Alternate Keeper, Plaintiff requests that, following the service of the writ of seizure and sale, Bobby A. Walker serve as alternate keeper for the collateral.[12]

In its Amended Complaint, People's United requests that, if the Court determines the instant action cannot be brought as an executory proceeding, that the action be converted to an ordinary proceeding.[13] Although the request is included in a pleading, the Court construes the request as a motion requesting conversion to an ordinary proceeding if the Court does not grant Plaintiff's Motion for Issuance of a Writ of Seizure and Sale.

---

[6] *Id.* at 12, ¶ 32.
[7] *Id.* at 11, ¶ 28.
[8] *Id.*
[9] R. Doc. 5.
[10] R. Doc. 3, 4.
[11] R. Doc. 3.
[12] R. Doc. 4.
[13] *Id.* at 12.

# LAW AND ANALYSIS

**I.  This Court cannot issue a writ of seizure and sale in an executory proceeding.**

The Court turns to the question of whether it has the authority to grant Plaintiff's motion for a writ of seizure and sale.

Pursuant to Rule 64(a) of the Federal Rules of Civil Procedure, "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." The remedies available under this rule include arrest and attachment.[14]

Under the Louisiana Code of Civil Procedure, executory proceedings allow for the sale of property "without previous citation and judgment."[15] Defenses must be asserted either by a separate injunction proceeding or a suspensive appeal, not an answer.[16] This directly contradicts the procedural requirements imposed by the Federal Rules of Civil Procedure. As the court in *BancBoston Mortg. Corp. v. Wilson* explained,

> F.R.C.P. 3 provides that a civil action is commenced by the filing of a complaint. F.R.C.P. 4(a) provides in part that "[u]pon the filing of the complaint the clerk shall forthwith issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint." F.R.C.P. 12(a) gives a defendant twenty days to answer a complaint.[17]

Executory proceedings under the Louisiana Code of Civil Procedure do not comport with the Federal rules of Civil Procedure. As a result, "[a] federal court cannot issue a writ of

---

[14] FED. R. CIV. P. 64(b).
[15] LA. CODE CIV. PROC. arts. 2631, 2640.
[16] LA. CODE CIV. PROC. art. 2642 ("Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.").
[17] *BancBoston Mortg. Corp. v. Wilson*, No. CIV.A. 88-2823, 1988 WL 76229, at *1 (E.D. La. July 11, 1988).

seizure and sale in an executory proceeding, because under Louisiana law an executory proceeding is not commenced and prosecuted pursuant to the Federal Rules of Civil Procedure."[18]

People's United argues *Thermo Credit* does not address Rule 64 of the Federal Rules of Civil Procedure and notes that the current version of Rule 64 had been in effect for less than a year before the briefing in that case.[19] *BancBoston* and *FDIC v. Saxena*, the cases on which the *Thermo Credit* court based its holding that a federal courts "may not entertain a Louisiana executory proceeding,"[20] in turn based their holdings on Rule 64. The version of Rule 64 interpreted by the *BancBoston* and *FDIC v. Saxena* courts provided that "the action in which any of the foregoing remedies is used shall be commenced and prosecuted . . . pursuant to these rules."[21] *BancBoston* and *FDIC v. Saxena* quoted this language in support of their holdings. Although the 2007 amendment to Rule 64 eliminated this language, the notes to the amendment clarify that any "changes are intended to be stylistic only."[22] It further clarified that the provision that the Rules "govern from the time the action is commenced if filed in federal court . . . [is] deleted as

---

[18] *Id.*; *see also Midsouth Bank, N.A. v. McZeal*, No. 2:10 CV 1560, 2011 WL 2173655, at *1 (W.D. La. June 1, 2011); *Thermo Credit L.L.C. v. Centric Voice, Inc.*, No. CIV.A. 08-3441, 2008 WL 4691839, at *2 (E.D. La. Oct. 22, 2008); *F.D.I.C. v. Saxena*, No. CIV. A. 93-1117, 1994 WL 202364, at *1 (E.D. La. May 16, 1994).
    In support of its argument that this Court has the authority to issue a writ of seizure and sale in an executory proceeding, People's United cites *Asset One, Louisiana, Inc. v. Vulcan Minerals & Energy, Inc.*, 66 F. App'x 524 (5th Cir. 2003), an unpublished Fifth Circuit opinion affirming a district court opinion by Judge Zainey denying an application for a preliminary injunction to arrest an executory process foreclosure proceeding, No. CIV.A.02-0751, 2002 WL 1303118, at *1 (E.D. La. June 11, 2002). In his subsequent order in *Thermo Credit*, Judge Zainey explained that "the issue before the Court in *Asset One* was not whether the executory process was proper in federal court. Instead, the sole issue the Court was asked to determine in *Asset One* was whether the plaintiff complied with the requirements of La. R.S. 9:5555[, which governs foreclosure proceedings,] in order to avail itself of the executory process." 2008 WL 4691839, at *3; *see also Resolution Tr. Corp. v. Peyton Place, Inc.*, No. CIV. A. 92-3410, 1994 WL 71285, at *1 (E.D. La. Feb. 28, 1994) (reaching the merits of an executory process case in which a defendant moved to arrest an executory proceeding in state court).
[19] R. Doc. 6 at 11 n.1.
[20] *Thermo Credit*, 2008 WL 4691839 at *2 (citing *F.D.I.C. v. Saxena*, 1994 WL 202364, at *1; *BancBoston*, 1988 WL 76229 at *1).
[21] FED. R. CIV. P. 64 (amended 2007) (adopted in 1937 as FED. R. CIV. P. 69).
[22] FED. R. CIV. P. 64, advisory committee's note to 2007 amendment.

redundant [because] Rule 1 establishes that the Civil Rules apply to all actions in a district court."[23] Rule 64, as amended, does not allow for actions to proceed in federal court contrary to the Federal Rules of Civil Procedure. As a result, the Court does not have the authority to grant Plaintiff's Motion for Issuance of a Writ of Seizure and Sale.[24]

## II. The Court converts the case to an ordinary proceeding consistent with the Federal Rules of Civil Procedure.

In its Amended Complaint, Plaintiff states, "[i]n the event it is determined that Plaintiff cannot move forward with this action under executory procedure, Plaintiff requests that this matter be converted to an ordinary proceeding."[25]

The Court has jurisdiction over this matter under diversity jurisdiction. "Federal courts apply state substantive law when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings. Where the state rule reflects a substantive state policy not in conflict with the plain meaning of the federal rule, then the state rule is the rule of decision and should be applied under the terms of the *Erie* doctrine."[26]

Because the Federal Rules of Civil Procedure do not contemplate executory proceedings, they do not address conversion of executory proceedings to ordinary proceedings. Under the Louisiana Code of Civil Procedure, "[t]he plaintiff in an executory proceeding may convert it into an ordinary proceeding by amending his petition so as to pray that the defendant be cited and for judgment against him on the obligation secured

---

[23] *Id.*
[24] Because the Court will not issue a writ of seizure and sale, the Court denies as moot Plaintiff's motion for Bobby A. Walker to be appointed as alternate keeper of the collateral following the service of the writ.
[25] R. Doc. 6 at 12, ¶ 34. In its prayer for relief, People's United requests the Court issue a writ of seizure and sale and find Defendants liable for certain contractual amounts, interest, and costs, *Id.* at 13, which are forms of relief that the Court is authorized to grant.
[26] *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995) (citations and internal quotation marks omitted).

by the mortgage or privilege."²⁷ This state rule does not conflict with the Federal Rules of Civil Procedure. As a result, the state rule applies, and the Court converts the case to an ordinary proceeding consistent with the Federal Rules of Civil Procedure.²⁸

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Issuance of a Writ of Seizure and Sale be and hereby is **DENIED**.²⁹

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Alternate Keeper be and hereby is **DENIED**.³⁰

**IT IS FURTHER ORDERED** that this action shall proceed as an ordinary proceeding in a manner consistent with the Federal Rules of Civil Procedure.

**New Orleans, Louisiana, this 26th day of December, 2018.**

                                        _____
                                            **SUSIE MORGAN**
                           **UNITED STATES DISTRICT JUDGE**

---

[27] LA. CODE CIV. PROC. art. 2644
[28] *See also Thermo Credit*, 2008 WL 4691839 at *4 (allowing a diversity action filed as an executory proceeding to continue as an ordinary action); *cf. Bank of New York Mellon v. Laugand*, No. CV 17-00067-BAJ-RLB, 2017 WL 4682719, at *2 (M.D. La. Oct. 18, 2017) ("[T]to be litigated in federal court a foreclosure proceeding must be converted from executory process to ordinary process by the plaintiff or upon his consent.").
[29] R. Doc. 3.
[30] R. Doc. 4.