UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PEOPLE'S UNITED EQUIPMENT FINANCE CORP., **Plaintiff** | CIVIL ACTION |
| VERSUS | NO. 18-11767 |
| TAK, LLC, ET AL., **Defendants** | SECTION: "E"(1) |

### ORDER AND REASONS

Before the Court is a motion for a writ of seizure[1] and an amended motion for a writ of seizure,[2] filed by Plaintiff People's United Equipment Finance Corp. ("People's United"). The motion is opposed.[3] For the reasons that follow, the Court **GRANTS** the motion **IN PART** as to Defendant ABC Crushing & Materials, LLC ("ABC") and **DENIES** the motion **IN PART** because automatic stays are in effect as to Defendants TAK, LLC ("TAK") and Bricor, LLC ("Bricor").

### BACKGROUND

On March 24, 2017, People's United executed promissory notes with Defendants ABC;[4] TAK;[5] 4 Aces Transport, Inc. ("4 Aces");[6] and Bricor (collectively, "Defendants").[7] On the same day, each of the four Defendants executed a security agreement with People's United in connection with the promissory note.[8] Each security agreement grants People's United a security interest in vehicles and/or equipment on each Defendant's premises,

---

[1] R. Doc. 34.
[2] R. Doc. 52.
[3] R. Doc. 38.
[4] R. Doc. 1-11.
[5] R. Doc. 1-1.
[6] R. Doc. 1-5.
[7] R. Doc. 1-8.
[8] R. Doc. 1-1 at 3–4; R. Doc. 1-5 at 3–4; R. Doc. 1-8 at 3–4; R. Doc. 1-11 at 3–4.

1

which are described in schedules attached to the agreements.[9] Among other terms, each security agreement includes the following provision:

> Debtor acknowledges and agrees that in any action or proceeding brought by Secured Party to obtain possession of any Collateral, Secured Party shall be entitled to issuance of a writ or order of possession (or similar legal process) without the necessity of posting a bond, security or other undertaking which is hereby waived by Debtor.[10]

On various dates, Defendants and various third parties executed guaranties for Defendants' obligations to People's United.[11]

On November 29, 2018, People's United filed a complaint in this Court alleging Defendants failed to pay their loan obligations.[12] People's United sought to initiate executory proceedings under Louisiana law.[13] On the same day as the Complaint, People's United filed an *ex parte* motion for issuance of a writ of seizure and sale, and an *ex parte* motion for alternate keeper.[14]

On December 26, 2018, the Court denied Plaintiff's motions, found the Louisiana executory process procedure is not available in federal court, and ordered this matter to proceed as an ordinary proceeding.[15] Summonses were served on Defendants,[16] and Defendants filed their answer.[17]

On March 26, 2019, People's United filed its Second Amended Complaint amending the amounts for which it alleges Defendants are liable.[18] People's United no

---

[9] R. Doc. 1-1 at 5–6; R. Doc. 1-5 at 5; R. Doc. 1-8 at 5; R. Doc. 1-11 at 5.
[10] R. Doc. 1-1 at 4; R. Doc. 1-5 at 4; R. Doc. 1-8 at 4; R. Doc. 1-11 at 4.
[11] R. Docs. 1-3 (guaranties for TAK's debt), 1-3 (guaranties for 4 Aces' debt), 1-10 (guaranties for Bricor's debt), 1-13 (guaranties for ABC's debt).
[12] R. Doc. 1.
[13] *Id.*
[14] R. Docs. 3, 4.
[15] R. Doc. 7.
[16] R. Docs. 12–15.
[17] R. Doc. 23.
[18] R. Doc. 33.

longer seeks recovery on the promissory note executed by 4 Aces because 4 Aces has paid People's United the full amount due.[19] In its Second Amended Complaint, People's United adds an allegation that, "[d]ue to cross-collateralization, Plaintiff has a security interest in certain Equipment and Blanket Collateral belonging to certain Defendant(s) that secures the indebtedness of other Defendant(s)."[20]

On April 2, 2019, People's United filed the instant motion seeking seizure and sequestration of the collateral held by ABC, TAK, and Bricor, but not 4 Aces.[21] People's United states its representative inspected the collateral on Defendants' premises and discovered pieces of equipment were missing parts, and some of the equipment had been transported out of the state.[22] Attached to the proposed order are schedules listing the equipment that is the subject of the request for seizure.[23] Defendants oppose.[24] Plaintiff filed a reply.[25]

On April 9, 2019, the Court ordered Defendants to file a surreply addressing whether they have waived their right to seek the furnishing of security under article 3574 of the Louisiana Code of Civil Procedure.[26] Defendants did not do so.

On April 16, 2019, the Court held a status conference with the parties.[27] The Court ordered the parties to "provide each other with journals showing all debits and credits against accounts" for which People's United is the creditor and Defendants are debtors.[28] The Court also ordered People's United to file a supplemental memorandum addressing

---

[19] *Id.*
[20] *Id.*
[21] R. Doc. 34.
[22] R. Doc. 34-1 at 3.
[23] R. Doc. 34-4 at 3–11.
[24] R. Doc. 38.
[25] R. Doc. 40.
[26] R. Doc. 43.
[27] R. Doc. 44.
[28] *Id.*

the requirement of furnishing security.[29] Plaintiff filed the supplemental memorandum on April 30, 2019.[30]

On May 8, 2019, the Court held another status conference with the parties.[31] The parties represented they were approaching agreement and intended to file a motion for a consent judgment.[32] The Court scheduled a follow-up telephone status conference, set for May 16, 2019.[33]

At the telephone status conference, Defendants ABC, TAK, and Bricor represented each intended to file for bankruptcy.[34] The Court granted People's United leave to amend its motion to provide an amended proposed order and writ of seizure.[35] On May 31, 2019, People's United filed the instant amended motion.[36] In the proposed order and proposed writ attached to the motion, People's United removed its request for seizure of equipment held by Bricor.[37]

On May 31, 2019, Bricor filed a notice of bankruptcy filing.[38] On June 4, 2019, at a telephone status conference, counsel for TAK and ABC represented each intended to file for bankruptcy.[39] On June 5, 2019, TAK filed a notice of bankruptcy filing.[40] Under 11 U.S.C. § 362, this action is stayed as to TAK and Bricor.

ABC has not filed a notice of bankruptcy filing. As a result, the Court addresses only Plaintiff's request for sequestration of property held by ABC. The only collateral

---

[29] *Id.*
[30] R. Doc. 47.
[31] R. Doc. 48.
[32] *Id.*
[33] *Id.*
[34] R. Doc. 49.
[35] R. Doc. 51.
[36] R. Doc. 52.
[37] R. Docs. 52-2, 52-3.
[38] R. Doc. 54.
[39] R. Doc. 58.
[40] R. Doc. 59.

4

People's United requests be seized from ABC is a 2013 John Deere "4-Wd Articulated Wheel Loader Equipped W/," Serial No. 1DW724KZED650680, Model 724K ("the Wheel Loader").

## LAW AND ANALYSIS

### I. People's United is not entitled to seizure of collateral in connection with its security agreements with Bricor and TAK.

Under 11 U.S.C. § 362, a petition for bankruptcy operates as an automatic stay of "a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."[41] Bricor and TAK have filed for bankruptcy.[42] As a result, Plaintiff's claims against them are stayed. People's United is not entitled to seizure of collateral in connection with its security agreements with Bricor and TAK. This does not apply to ABC, which has not filed for bankruptcy.

### II. People's United is entitled to seizure of collateral in connection with its security agreement with ABC.

Pursuant to Rule 64(a) of the Federal Rules of Civil Procedure, "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." The remedies available under this rule include arrest and attachment.[43]

Article 3571 of the Louisiana Code of Civil Procedure provides:

> When one claims the ownership or right to possession of property, or a mortgage, security interest, lien, or privilege

---
[41] 11 U.S.C. § 362(a)(1).
[42] R. Docs. 54, 59.
[43] FED. R. CIV. P. 64(b).

5

thereon, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action.[44]

In *Pioneer Bank & Tr. Co. v. Oechsner*, the collateral for a loan consisted of "buildings, improvements, machinery, equipment, furniture, furnishings and all other property, movable and immovable," and revenues from the collateral, which were located on the debtor's property.[45] The creditor moved for sequestration under article 3571. The Louisiana Supreme Court explained:

> Pioneer[, the creditor,] need not show that Oechsner[, the debtor] would conceal or waste the revenues, only that it is within his power to do so. Because of the very nature of the revenues and the fact that they are on the mortgaged property and kept by Oechsner, it is within Oechsner's power to conceal, dispose of or waste the said revenues. Therefore we hold that, under arts. 3571 and 327, Pioneer may have the mortgaged property seized under a writ of sequestration and collect the revenues produced by the property under seizure.[46]

In this case, the collateral consists of the Wheel Loader. Similar to *Pioneer*, because of the nature of the collateral, it is within ABC's power to conceal, dispose of, or waste the Wheel Loader. As a result, the Court finds that, under article 3571, People's United is entitled to have the Wheel Loader seized under a writ of sequestration.

### III. People's United need not furnish security in connection with the seizure.

Article 3574 of the Louisiana Code of Civil Procedure provides, "An applicant for a writ of sequestration shall furnish security for an amount determined by the court to be

---

[44] LA. CODE CIV. PROC. art. 3571.
[45] 468 So. 2d 1164, 1166 (La. 1985).
[46] *Id.* at 1168; *see also CEF Funding, L.L.C. v. Huey*, No. CV 09-2978, 2009 WL 10681986, at *2 (E.D. La. June 2, 2009) (Africk, J.) ("The party seeking the writ of sequestration need not show that the defendants would conceal, dispose of, or waste the mortgaged property, 'only that it is within [defendants'] power to do so.'") (quoting *id.*)

6

sufficient to protect the defendant against any damage resulting from a wrongful issuance, unless security is dispensed with by law."[47] The Louisiana Supreme Court has not directly addressed the extent to which article 3574 grants discretion to issue a writ of sequestration without security. The Court turns to the history of the writ to determine whether People's United is entitled to sequestration without furnishing security.

Article 273 of the 1870 Code of Practice provided, "Judicial sequestration is generally ordered only at the request of one of the parties to a suit; there are cases, nevertheless, where it is decreed by the court without such request, or is the consequence of the execution of judgments." Article 274 provided, "The court may order, *ex officio*, the sequestration of real property in suits, where the ownership of such property is in dispute and when one of the contending parties does not seem to have a more apparent right to the possession than the other." Article 275(8) of the Code of Practice provided, "A sequestration may be ordered in all cases, when one party fears that the other will conceal, part with, or dispose of the movable in his possession, during the pendency of the suit, upon complying with the requisites of the law."

In its 1939 decision in *Ludwig v. Calloway*,[48] the Louisiana Supreme Court addressed the requirement of a bond in the context of articles 273 and 274 of the Code of Practice. In *Ludwig*, the Louisiana Supreme Court stated:

> The jurisprudence is uniform that the law vests the power in the district judge to ex proprio motu and without bond judicially sequester property without a hearing, where, after considering all the pleadings and the facts and circumstances alleged by the parties, he is of the opinion that the ends of justice require such action and this decision is left largely to his discretion.[49]

---

[47] LA. CODE CIV. PROC. art. 3574.
[48] 187 So. 4 (1939).
[49] *Id.* at 5 (collecting cases). *But see Pasley v. McConnell*, 36 La. Ann. 703, 704 (1884).

7

The *Ludwig* court relied on *Allen v. Whetstone*, in which the Louisiana Supreme Court held, "The fact that parties suggested or requested [sequestration] did not deprive the court of the power to order the sequestration *ex-officio*, under C. P. 273, without affidavit or bond."[50]

The Code of Civil Procedure took effect in 1961.[51] Articles 3571–76 govern sequestration. Article 3573 of the Code of Civil Procedure, which replaces article 274 of the Code of Practice, provides, "The court on its own motion may order the sequestration of property the ownership of which is in dispute without requiring security when one of the parties does not appear to have a better right to possession than the other."[52]

In *J. C. Trahan Drilling Contractor, Inc. v. Sterling*, which was decided in 1964, after the Code of Civil Procedure took effect, the plaintiffs sought sequestration without bond.[53] Relying on *Ludwig*, the United States Court of Appeals for the Fifth Circuit held "the allowance or disallowance of sequestration is a matter of judicial discretion, likewise the allowance without bond."[54] The Fifth Circuit did not address the fact that sequestration was granted at the plaintiffs' request and not on the court's own motion, but held that, under Louisiana law, courts have discretion to grant sequestration without bond.

Although few courts have addressed the issue directly, in *Joiner v. Bill Hood Ford, Inc.*, the Louisiana Court of Appeal for the First Circuit relied on *Ludwig* and *J.C. Trahan*

---

[50] 35 La. Ann. 846, 849 (1883).
[51] La. Code Civ. Proc. Bk. IX, Acts 1960, No. 15.
[52] La. Code Civ. Proc. art. 3573. The Court notes the comment accompanying the article cites *Ludwig*. La. Code Civ. Proc. art. 3573 official revision cmt. 1960.
[53] 335 F.2d 65, 66 (5th Cir. 1964).
[54] *Id.* (citing *Ludwig*, 187 So. At 5).

to hold the trial court had "wide latitude and discretion afforded it in ordering . . . sequestration without bond."[55]

This Court holds it has discretion to grant sequestration without bond. The Court notes that the parties explicitly provided for sequestration without bond in their security agreement.[56] Moreover, when the Court ordered ABC to file a surreply addressing whether it had waived its right to seek the furnishing of security under article 3574 of the Louisiana Code of Civil Procedure,[57] ABC did not do so. The Court exercises its discretion to sequester property without bond.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion for a writ of seizure[58] and amended motion for a writ of seizure[59] be and hereby are **GRANTED IN PART** as to Defendant ABC Crushing & Materials, LLC.

**IT IS FURTHER ORDERED** that the motions be and hereby are **DENIED IN PART** as to Defendants TAK, LLC and Bricor, LLC because an automatic stay is in effect as to TAK, LLC and Bricor, LLC.

A separate order and writ with respect to the seizure of collateral held by Defendant ABC Crushing & Materials, LLC will accompany this Order and Reasons.

**New Orleans, Louisiana, this 1st day of July, 2019.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[55] 2002-0996 (La. App. 1 Cir. 4/2/03), 843 So. 2d 1147, 1151, *writ denied,* 2003-1231 (La. 6/27/03), 847 So. 2d 1267.
[56] R. Doc. 1-1 at 4; R. Doc. 1-5 at 4; R. Doc. 1-8 at 4; R. Doc. 1-11 at 4.
[57] R. Doc. 43.
[58] R. Doc. 34.
[59] R. Doc. 52.